IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CARLOS ELIAS LANZA CABALLERO,

Petitioner,

vs.

TODD BLANCHE, DAVID VENTURELLA, CAROLYN SOMMER, and MARKWAYNE MULLIN,

Respondents.

**8:26CV422**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Carlos Elias Lanza Caballero's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner upon his reposting of the previously ordered bond.

## I. BACKGROUND

Petitioner is a native and citizen of Honduras. Filing No. 6 at 4. He entered the United States without inspection on February 15, 2019, and was thereafter apprehended by U.S. Border Patrol. *Id.* He was eventually placed in removal proceedings, and Respondents gave him a bond of $73,500. *Id.* at 5; Filing No. 6-7. On June 10, 2019, an immigration judge reduced Petitioner's bond to $55,000. Filing No. 6-8. Petitioner posted a $55,000 surety bond and was released from detention on July 2, 2019. Filing No. 6 at 5.

On September 20, 2023, an immigration judge denied Petitioner's asylum claim and ordered him removed to Honduras. Filing No. 6-9. Petitioner appealed to the Board of Immigration Appeals. Filing No. 6-10. Briefing was completed in June 2025. Filing

No. 6-11; Filing No. 6-12. The appeal remains pending decision with the BIA. Filing No. 6 at 6.

Petitioner was arrested on September 10, 2025, in Jasper County, Iowa, for open container, striking figures upon a highway, failure to maintain control, leaving the scene of an accident, reckless driving, and criminal mischief in the first degree. Filing No. 6 at 5. These charges were later dismissed without conviction. Filing No. 8 at 5. Nevertheless, Petitioner was transferred to ICE custody on September 20, 2025. Filing No. 6 at 6. Respondents failed to ensure the BIA was aware of Petitioner's detention and therefore his appeal has remained on the slower non-detained docket, meaning he has remained incarcerated for over 11 months. *Id.*

Petitioner seeks a writ of habeas corpus ordering his immediate release. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

### A. Petitioner's Detention Is Not Justified Under 8 U.S.C. § 1225(b)(2)(A)

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(a), based on *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth

Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry. The undersigned recently determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). For the same reasons set forth in greater detail

in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case to the extent they claim his detention is justified by 8 U.S.C. § 1225(b)(2)(A).

### B. Petitioner's Detention Is Not Justified Under 8 U.S.C. § 1226(b)

Respondents state in passing in their facts section that they "ha[ve] discretionary authority to revoke bond as well under 8 U.S.C. §1226(b)." Filing No. 4 at 4. Although Respondents advance no further legal argument explaining this contention, the Court finds § 1226(b) would also fail to justify Petitioner's detention if such argument had been advanced.

Section 1226(a) states that when an alien is arrested on a warrant, the Attorney General may continue to detain the alien or may release him or her on conditional parole or a bond of at least $1,500. 8 U.S.C. § 1226(a). Subsection (b), in turn, provides, "The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b).

Here, DHS initially granted Petitioner a $73,500 bond under § 1226(a). Respondents' argument is that DHS retained the authority to cancel this bond at any time under the language of § 1226(b). *See* 8 U.S.C. § 1226(b) ("The Attorney General at any time may revoke a bond or parole authorized under subsection (a) . . . ."). But this ignores the subsequent procedural history in this case. Namely, after issuance of the $73,500 bond, Petitioner appealed to an immigration judge who redetermined the bond and set it at $55,000. The regulation allowing this review procedure states:

> **(d) Appeals from custody decisions —**
>
> **(1) Application to immigration judge.** After an initial custody determination by the district director, including the setting of a bond,

> the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority in section 236 of the Act (or section 242(a)(1) of the Act as designated prior to April 1, 1997 in the case of an alien in deportation proceedings) to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter. If the alien has been released from custody, an application for amelioration of the terms of release must be filed within 7 days of release.

8 C.F.R § 236.1(d).

Therefore, DHS was not canceling the bond it has previously issued under § 1226(a) because that bond (for $73,500) was no longer operative; an immigration judge had exercised his or her authority to apply § 1226 and redetermine the bond (for $55,000). Therefore, § 1226(b) was inapplicable to the $55,000 bond and DHS was without authority to unliterally cancel it.

Accepting Respondents' argument, the immigration judge's bond redetermination decision would be meaningless in all cases where the IJ reduced a bond because DHS, the losing party, could unilaterally override the immigration judge's bond decision simply by stating it was canceling the bond it had previously issued. Such an outcome would defy logic and common sense in addition to contravening the statutory and regulatory language.

Accordingly, the $55,000 bond order remains operative and Petitioner must be released on the same terms as the immigration judge previously set, provided he again posts the bond if it has been returned to the obligor. This is so, even despite Respondents' representation that Petitioner has been arrested for criminal offenses and even though an immigration judge has denied Petitioner's application for asylum and ordered him

removed. The order of removal is not yet final because it remains on appeal. *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final, i.e., once the appeal is decided). Until it becomes final, Petitioner remains subject to the bond provisions of § 1226. Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). In the meantime, should Respondents seek to alter the previously issued $55,000 bond, they must present evidence of changed circumstances (such as his arrest without conviction) to the immigration judge for a redetermination of the danger and flight risk Petitioner presents.

Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody no later than 48 hours from the re-posting of the $55,000 bond if such bond has been returned and on the same terms as previously ordered and without additional conditions. If Respondents are still in possession of the $55,000 bond, they must release Petitioner within 48 hours of this Order.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Should Respondents seek to re-detain or continue to detain Petitioner, they must first present evidence to an immigration judge explaining the changed

circumstances that make him a flight risk and/or danger and obtain an order from said immigration judge allowing them to re-detain Petitioner.

5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on September 2, 2026.**

Dated this 26th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge